UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                      ORDER

ANDRE FRANCIS,                        17-CR-753-1 (CS)

                   Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Andre Francis's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 370), and the Government's opposition thereto, (Doc. 373).

      On November 6, 2018, Defendant was sentenced principally to sixty-three months' imprisonment. (Doc. 204.) That sentence was three months above the mandatory minimum applicable to his offense and below the Sentencing Guidelines range of 70-87 months. (Doc. 184 ("PSR") at 32.) He has served approximately thirty-six of those sixty-three months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the dangers presented by the coronavirus pandemic in prison, combined with his obesity – a condition identified by the Centers for Disease Control ("CDC") as putting one at increased risk for a severe case if infected – amount to an extraordinary and compelling reason.[2]  He points to the COVID-19 outbreak at FCI Danbury, where he is incarcerated.  He further notes that he has behaved in prison and taken advantage of classes and programs, and that if released he could live with a girlfriend.  There is an outbreak at FCI Danbury and it does not seem to have peaked.[3]  The Government does not dispute, and I find, that these facts amount to an extraordinary and compelling reason.

---

[1] Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2] Defendant also relies on hypertension, which the CDC says *might* increase risk.  His hypertension is controlled by medication.

[3] Twenty-three inmates out of approximately 800 have tested positive, and that number has increased over recent weeks, according to the BOP website.

I must still, however, consider the § 3553(a) factors. They militate against early release from Defendant's already-below-Guidelines sentence. He was the central figure and supplier in a conspiracy involving at least 40 grams of crack and 750 grams of cocaine. The instant offense – which occurred when Defendant was in his forties, not an immature youth – was his sixth criminal conviction (three of which did not count toward his criminal history score under the Sentencing Guidelines) and his fifth drug felony. He also sold a gun – an act that did not increase his Guidelines range and endangered the community perhaps more directly than the drugs did. He committed these offenses while on parole.

At the time of sentencing, I gave Defendant credit for mitigating factors, including his traumatic youth and his post-arrest strides. I am glad to see he has continued to do well, avoiding trouble in prison and taking advantage of classes and programs. But releasing Defendant now would undermine several of the § 3553(a) factors. It would not sufficiently address the nature and seriousness of the offense, including the extent of his drug dealing, his history of repeated drug offenses, and his return to significant drug dealing while on parole for the same sort of conduct. It would not be just punishment, would insufficiently deter, and would introduce unwarranted sentencing disparities. It would not address Defendant's lack of respect for the law or suffice to protect the public from further crimes by Defendant, unfortunately a distinct possibility given the Defendant's record.[4] In short, even in a pandemic, serving three years is just too short for a defendant's fifth drug felony, combined with the sale of a gun, committed while on parole.

---

[4] I went below the Guidelines at sentencing in part as a vote of confidence. (*See* Doc. 370-1.) But, based on the § 3553(a) factors, I did not go as low as the law would have allowed. In light of Defendant's history, I am not sufficiently convinced that more crimes are unlikely that I could further discount the protection-of-the-public factor.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 370.

Dated: December 9, 2020
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.